NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL MICHAELGREAVES,<br><br>                      Plaintiff,<br><br>      v.<br><br>GAP, INC.,<br><br>                      Defendant. | Civil Action No. 11-6283 (SDW)<br><br><br>**OPINION**<br><br><br>January 23, 2013 |

**WIGENTON**, District Judge.

Before the Court is defendant Gap Inc.'s ("Gap") motion to dismiss the amended complaint of plaintiff Paul Greaves pursuant to Fed. R. Civ. P. 12(b)(6) ("Motion").[1]

This Court has jurisdiction under 28 U.S.C. § 1332(a). Venue is proper pursuant to 28 U.S.C. § 1391. This Motion is decided without oral argument pursuant to Fed. R. Civ. P. 78.

For the reasons set forth below, this Court will **GRANT** the Motion.

**FACTUAL AND PROCEDURAL HISTORY**

Plaintiff was employed as a Sales Associate Specialist in Gap's Banana Republic store located in Garden State Plaza in Paramus, New Jersey from approximately November 22, 2000 to March 6, 2010. (Am. Compl. ¶¶ 4, 6.) After sustaining a back injury in July 2005, Plaintiff took time off from work. Upon returning to work, Plaintiff was placed in a department that required him to perform tasks that aggravated his back injury (*Id.* ¶ 11.) Plaintiff requested that he be relocated to another department to avoid aggravating his injury. (*Id.* ¶ 12.) Plaintiff also requested that he not be required to work long periods of time without a break. (*Id.* ¶¶ 11-12.)

---

[1] This Motion was converted to one for summary judgment and the parties were given notice.

1

When Plaintiff felt the store management was unresponsive to his requests, Plaintiff contacted Defendant's corporate offices to report the issue (*Id.* ¶¶ 13-14.) Subsequent to these requests, Plaintiff asserts that he was "essentially demoted" as his hours were reduced, he was not allowed to cover other employees' hours, and he was reprimanded in front of customers. (*Id.* ¶¶ 15-17, 28.) Plaintiff alleges that "[h]is demotion was predicated on his making a complaint, a retaliatory measure taken by the Defendant." (*Id.* ¶ 29)

Additionally, Plaintiff asserts that on several occasions he was not awarded overtime pay. (*Id.* ¶ 22.) Plaintiff claims that Defendant "carried over any hours worked beyond forty hours in a week to a following week in which Plaintiff worked less than forty hours." (*Id.*) According to Plaintiff, this allowed Defendant to avoid paying Plaintiff the increased overtime wages. (*Id.* ¶ 33.) Plaintiff was terminated on March 6, 2010. (*Id.* ¶ 6.)

On March 9, 2011, Plaintiff filed his original complaint ("Complaint") against Defendant in the Superior Court of New Jersey, Bergen County, asserting claims for defamation, wrongful termination, and wage discrimination. (Compl.) Defendant removed the case to this Court based on grounds of diversity of citizenship. (Notice of Removal.) On November 15, 2011, Defendant filed a motion to dismiss pursuant to rule 12(b)(6) seeking dismissal of Plaintiff's Complaint in its entirety for failure to state a claim. On March 19, 2012, this Court held oral argument in this matter, and on March 22, 2012, an order was entered granting in part Defendant's Motion to Dismiss Plaintiff's defamation claim as time-barred. (Dkt Entry #10.) This Court also allowed Plaintiff time to amend his Complaint or it would be dismissed for reasons stated on the record at oral argument.

On May 14, 2012, Plaintiff filed his amended complaint ("Amended Complaint") alleging that Defendant violated the Conscientious Employee Protection Act ("CEPA"), N.J.S.A.

2

34:19-1, et seq., and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, et seq. (Am. Compl. ¶¶ 23-30, 31-33.)  On June 7, 2012, Defendant filed the instant Motion, moving to dismiss the Amended Complaint for failure to state a claim under Federal Rule 12(b)(6). On September 13, 2012, this Court converted Defendant's Motion from a motion to dismiss to a motion for summary judgment, allowing the parties time for additional submissions.

**LEGAL STANDARD**

This Motion was submitted as one to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the court must "'accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'"  *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.,* 292 F.3d 361, 374 n.7 (3d Cir. 2002)).  However, the claim must "call[s] for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Id.* at 234. Similarly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

The court has discretion to accept materials beyond the pleadings.  *See In re Kiwi Int'l. Air Lines, Inc.*, 344 F.3d 311, 315 n.3 (3d Cir. 2003); 5C Wright & Miller, Federal Practice and Procedure § 1366 (3d ed. 2011).  However, should it so choose, the court should convert the motion to one for summary judgment and provide the parties notice and a reasonable opportunity

to present all relevant material. *See*, *e.g.*, *In re Rockefeller Ctr. Props. Sec. Litig.*, 184 F.3d 280, 287-89 (3d Cir. 1999); *Rose v. Bartle*, 871 F.2d 331, 339-43 (3d Cir. 1989).

Summary judgment shall be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. A factual dispute is genuine if a reasonable jury could return a verdict for the nonmovant, and it is material if, under the substantive law, it would affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party must show that if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient to permit the nonmoving party to carry its burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

Once the moving party meets its initial burden, the burden then shifts to the nonmovant, who must set forth specific facts showing a genuine issue for trial and may not rest upon the mere allegations or denials of its pleadings. *Shields v. Zuccarini*, 254 F.3d 476, 481 (3d Cir. 2001). The court may not weigh the evidence and determine the truth of the matter but, rather, must determine whether there is a genuine issue as to a material fact. *Anderson*, 477 U.S. at 249. In doing so, the court must construe the facts and inferences in the light most favorable to the nonmoving party. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520 (1991).

**DISCUSSION**

This Court converted Defendant's Motion to one for summary judgment. The parties were given notice and the opportunity to provide the Court with additional submissions.

I. CEPA Claim

CEPA protects employees from employer retaliation for reporting or threatening to report what the employee reasonably believes is an illegal or unethical activity in his place of employment. N.J.S.A. § 34:19-3; *See Boyle v. Quest Diagnostics, Inc.*, 441 F. Supp. 2d 665, 669 (D.N.J. 2006). Defendant argues that Plaintiff's CEPA claims fail for two reasons: 1) they are time barred, and 2) Defendant does not allege that he engaged in protected activity that would impact the public or that has public ramifications.

a. *Plaintiff's CEPA claim is time-barred*

CEPA claims are subject to a one-year statute of limitations. N.J.S.A. § 34:19-5 (2000) ("Upon a violation of any of the provisions of this act, an aggrieved employee or former employee may, within one year, institute a civil action in a court of competent jurisdiction."); *See Ivan v. County of Middlesex*, 595 F. Supp. 2d 425, 466 (D.N.J. 2009). For statute of limitations purposes, the "CEPA claim accrues on the date of the adverse employment action." *Ivan*, 595 F. Supp. 2d at 467. The statute defines such "retaliatory action" as "the discharge, suspension or demotion of an employee or other adverse employment action taken against an employee in the terms and conditions of employment." N.J.S.A. § 34:19-2(e); *Geraghty v. Ins. Servs. Office, Inc.*, 369 Fed. App'x 402, 406 (3d Cir. 2010) ("A CEPA claim accrues as of the date of the discharge, suspension or demotion."). Furthermore, CEPA does not apply to any alleged employer's actions taken post-employment "because the statute applies to 'employees.'" *Geraghty*, 369 Fed. App'x at 407.

Plaintiff's claims are time-barred because the last possible date on which any retaliatory action may have occurred was on March 6, 2010, the date Plaintiff's employment was terminated. The Complaint was not filed within one year of this date. Plaintiff's claim that he

5

continued to allege improper treatment after his termination is insufficient as a matter of law to withstand the statute of limitations, since he was no longer employed by Defendant.

b.      *Plaintiff fails to establish a claim under CEPA*

To establish a prima facie CEPA claim, a plaintiff must establish the following elements: "(1) he or she reasonably believed that his or her employer's conduct was violating either a law, rule, or regulation promulgated pursuant to law, or a clear mandate of public policy; (2) he or she performed a 'whistle-blowing' activity described in N.J.S.A. 34:19-3c; (3) an adverse employment action was taken against him or her; and (4) a causal connection exists between the whistle-blowing activity and the adverse employment action." *Caver v. City of Trenton*, 420 F.3d 243, 254 (3d Cir. 2005) (citing *Dzonzar v. McDevitt*, 177 N.J. 451, 828 A.2d 893, 900 (2003); *Kolb v. Burns*, 320 N.J. Super. 467, 727 A.2d 525, 530 (1999).

CEPA claims must relate to a clear public mandate or issue that touches the public. *Matthews v. New Jersey Institute of Tech.*, 772 F. Supp. 2d 647, 655 (D.N.J. 2011). Private disputes between an employee and employer are not covered by the CEPA. *Maw v. Advanced Clinical Comms. Inc.*, 179 N.J. 439, 445 (2004) (holding that in pursuing a CEPA claim, "the complained of activity must have public ramifications, and that the dispute between employer and employee must be more than a private disagreement").

In this case, Plaintiff fails to allege concerns that relate to the public; instead, he raised only issues with respect to himself not having adequate break time.  Plaintiff's assertion that this touches the public in that it is a "pattern or practice" is insufficient. Since the claim in the Amended Complaint is essentially private in nature, the alleged retaliation is not covered by CEPA.

II.  FLSA Claim

To establish a prima facie case for overtime pay pursuant to the FLSA, a plaintiff must show the following: 1) defendant was engaged in commerce as defined by statute; 2) plaintiff was an "employee" as defined by statute; and 3) plaintiff worked more than forty hours in a week, but was not paid overtime for hours worked in excess of forty hours. *See Verdecchio v. Tri-County Real Estate Maintenance Co., Inc.*, 2012 WL 6624200 (D.N.J. Dec. 19, 2012) (citing *Zhong v. August August Corp.,* 498 F.Supp.2d 625, 628 (S.D.N.Y. 2007)). Defendant argues that Plaintiff's claims under the FLSA fail for the following reasons: 1) they are time-barred; and 2) Plaintiff has not pled sufficient facts to establish a prima facie case.

*a.  Plaintiff's FLSA claim is time-barred.*

Pursuant to 29 U.S.C. § 255, FLSA claims must be raised within two years after the cause of action accrued. A cause of action accrues "when the employer fails to pay the required compensation for any workweek at the regular pay day for the period in which the workweek ends." 29 CFR § 790.21.

An amended complaint relates back to the original complaint when it arises out of the same conduct, transaction, or occurrence as in the original pleading. *F.R.C.P 15(c); N.J.R. 4:9-3*. Under Rule 15(c), the amendment must be supported by facts of the same time and type as the original pleading. *Farrell v. Einemann* WL 5164064 (D.N.J. 2006) (citing *Mayle v. Felix* 545 U.S. 644, 125 S.Ct.2562, 2569, 162 L. Ed. 2d 582 (2005)). At issue is whether there is a "common core of operative facts" between both pleadings. *Mayle,* at 659. Furthermore, the relation back rule is premised on fair notice. *Glover v. F.D.I.C.* 698 F.3d 139, 146 (C.A. 2012). The underlying question is "whether the original complaint adequately notified the defendants of

7

the basis for liability the plaintiffs would later advance in the amended complaint." *Id.* (citing *Meijer Inc. v. Biovail Corp.* 533 F.3d. 857, 866 (D.C. Cir. 2008)).

In the instant matter, Plaintiff first raised the FLSA claim in his Amended Complaint dated May 14, 2012. This was more than two years after Plaintiff was terminated from his employment (on March 6, 2010). Plaintiff's claim does not relate back to the original Complaint filed on March 9, 2011 because there was no notice to the Defendant in the original pleading that Plaintiff would advance a claim for unpaid overtime under the FLSA. The original Complaint only alleged: 1) "loss of hours without previous notice of demotion," 2) "improper wage advancement and discrimination" as Plaintiff "made [too] much money . . . or did not deserve hours," and 3) "defamation of his character." (Compl.) A general complaint regarding hours in the original pleading is not sufficient to allow the amended pleading to relate back. As such, Plaintiff's FLSA claim is time-barred.

b. *Plaintiff's FLSA claim fails as a matter of law*

In order for a claim of overtime pay under FLSA to withstand a motion to dismiss, the complaint must allege, at least approximately, the hours worked for which these wages were not received. *See Zhong v. August August Corp.,* 498 F.Supp.2d at 628.

Defendant, as the moving party, met its burden, in part, through the submission of automated time and payroll records attached as Exhibits A and B to its Memorandum in Support of its Motion to Dismiss. These records purport to show that Plaintiff did not work any uncompensated overtime hours. Plaintiff has not offered support for his overtime claims or disputed the records provided. Plaintiff has solely relied on the general allegations in his

8

pleadings. Plaintiff does not raise genuine issues of material fact, and as discussed, the undisputed facts do not support a claim under the FLSA.

**CONCLUSION**

Based on the foregoing, Plaintiff's CEPA and FLSA claims cannot succeed.  Defendant's Motion will be **GRANTED** and the Amended Complaint will be dismissed.

s/Susan D. Wigenton, U.S.D.J

Orig:   Clerk
cc:     Parties
        Magistrate Judge Arleo